NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA TERESA RIOS MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1901 <br><br> Agency No. A208-067-255 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2024**
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Maria Teresa Rios Martinez (Rios), a native and citizen of Mexico, petitions

for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal

of an Immigration Judge (IJ) order denying her application for withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture (CAT). We review the denial of withholding of removal and CAT relief for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1. Substantial evidence supports the denial of withholding of removal. A petitioner is eligible for withholding of removal if "it is more likely than not," *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), that her "life or freedom would be threatened in [the country of removal] because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To meet her burden, the petitioner must "demonstrate a nexus between the harm [s]he allegedly faces upon return to [Mexico] and a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). For withholding of removal, the petitioner establishes this nexus by showing that a protected ground was "a reason" for the past or feared harm. *Barajas-Romero*, 846 F.3d at 360.

Rios testified that she had not previously been harmed or threatened in

---

[1] We reject as unsupported the government's contention that Rios has forfeited her challenges to the BIA's decision by failing meaningfully to advance them in her opening brief.

Mexico.  But she alleges that, if returned to Mexico, she will be persecuted because of her membership in proposed social groups consisting of "Mexican females with higher education," "an individual perceived as wealthy," and "a Mexican child brought to the United States as a minor."  The BIA correctly determined that these social groups lack particularity and social distinction.  *See, e.g.*, *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that the proposed group of "imputed wealthy Americans" is not cognizable); *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (holding that the proposed group of persons "returning to Mexico from the United States who are believed to be wealthy" is not cognizable) (brackets omitted).[2]

In addition, even assuming Rios put forward a cognizable particular social group, substantial evidence supports the BIA's further determination that Rios has not established the required nexus between her feared persecution and membership in a proposed social group. As the BIA recognized, Rios's fears stem from generalized crime and violence in Mexico, which does not establish a nexus to a protected ground.  *See, e.g.*, *Zetino*, 622 F.3d at 1016 (holding that a "desire to be

---

[2] In her opening brief, Rios also claims she will face persecution based on her membership in the proposed social group of "Mexican females returning with family who still reside in the United States."  Because Rios did not raise this argument before the BIA and because the government has raised the exhaustion issue, we may not grant relief on this basis.  *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023).  Regardless, Rios has not explained how this additional proposed social group would be cognizable.

free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (holding that random criminal acts bear no nexus to a protected ground). Substantial evidence thus supports the BIA's determination that Rios's fears of general gang violence in Mexico are insufficient to establish eligibility for withholding of removal.

Lastly, substantial evidence supports the BIA's determination that Rios failed to establish a nexus between her feared persecution and her political opinions concerning extortion and criminal organizations. As the BIA explained, Rios provided insufficient evidence that she held these political opinions, would continue to hold these opinions upon returning to Mexico, or was known to hold these opinions. The record does not compel a contrary conclusion.

2. Substantial evidence supports the agency's denial of CAT relief. An applicant for CAT relief bears the burden of establishing that she "will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Rios testified that she had not been harmed or threatened in Mexico. The BIA also concluded that Rios's claims of torture were speculative and lacked indicia of government consent or acquiescence. The record does not compel a conclusion contrary to that of the agency.

22-1901

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until issuance of the mandate.  The motion for a stay of removal is otherwise denied.